O’Neall, J.
The “act to regulate the licensing of physicians to practise, and for other purposes therein mentioned,” (Acts of 1817, pp. 31, 33,) after declaring that no person shall be allowed, without a license, to practise physic or surgery, or any of the branches thereof, and the punishment to be incurred for practising without a license, provides in the 4th section, “ that all bonds, notes, promises and assumptions, made to any person or persons not licensed in manner hereafter mentioned, the consideration of which shall be services rendered as a physician or surgeon, in prescribing for the cure of diseases, shall be, and they are hereby declared, utterly void and of no effect.” The 9th section prohibits apothecaries from vending or exposing to sale any drugs or medicines, without previously obtaining a license to do so, and provides that “ every apothecary so vending or selling drugs or medicines, contrary to the provisions of this act, shall be liable to ail the penalties imposed by this act on physicians and surgeons practising without license.”
*415 An apothecary, in the most usual and familiar sense, is un-dorstood to be one who vends drugs or medicines, as his trade or business. The plaintiff here was “ engaged in selling and vending liquids, compounded of roots and herbs, under the ‘Thompsonian System.”’ This is vending medicines as a trade or business ; and in this point of view, the plaintiff must be regarded as an apothecary. The act devolves upon him the proof that he was licensed, and in the absence of proof of a license, he must be taken to be an unlicensed apothecary, vending medicine, and liable to all the penalties imposed by the act of 1817. What are its penalties 1 They are two-fold, fine and imprisonment on conviction, and the legal invalidity of all bonds, notes, promises and assumptions, made in consideration of the price of the medicine so vended. The contract sued on in this case, under this view of the law, was illegal and void; and the motion to reverse the decision of the judge below, and the judgement of the justice of the peace, is granted.
Johnson and Harper, Js. concurred.